UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**  **[IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Hector Casillas, Adela Gonzales, and Tomas Montano filed virtually identical lawsuits against Berkshire Hathaway Homestate Companies, Cypress Insurance Company, Zenith Insurance Company, William Reynolds, Oliver Glover, and HQSU Sign Up Services, Inc. These two cases are of a piece. Both cases concern the alleged hacking of workers' compensation files from an online file-storage system owned and operated by HQSU. Both cases concern purported violations of state tort law, the Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* And now, in both cases, the defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

So far, there have been four amendments between the two complaints. But the defendants variously argue that Casillas, Gonzales, and Montano still haven't managed to adequately plead their claims. For instance, the defendants point out that trespass to electronic-chattels

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

requires "damage" to, or "impairment" of, the host computer system. *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342 (2003). That hasn't been alleged here. The defendants also say that California's Confidentiality of Medical Information Act only applies to certain enumerated "health care providers and related entities." *See* Cal. Civ. Code § 56.06(a); *Regents of Univ. of California v. Superior Court*, 220 Cal. App. 4th 549 (2013). That's only been alleged as to one defendant. What's more, in the defendants' view, HQSU's file-management system obviously isn't an "electronic communication service" for purposes of the Stored Communications Act. *See* 18 U.S.C. § 2701(a)(1); *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004). If true, that's a fatal flaw.

The Court GRANTS the motions to dismiss Casillas's third-amended complaint, without leave to amend. (Dkt. Nos. 194, 195.) The Court also GRANTS the motion to dismiss Gonzales and Montano's first-amended complaint, without leave to amend. (Dkt. No. 67.)

**1. BACKGROUND**

These cases concern cyber security. Casillas, Gonzales, and Montano allege that two insurance investigators, Reynolds and Glover, hacked into an online database at the behest of Berkshire Hathaway and Zenith Insurance. Over the course of two years, the hackers apparently accessed and downloaded over 30,000 workers' compensation files, which included "personal data" like a client's "full name, Social Security Number, birth date, home address, legal status, driver's license information, and salary information." (Compl., Dkt. No. 187 at 5.) And this was done, the plaintiffs surmise, to provide the insurance companies with "a counsel's advantage" in pending litigation and to "intimidate and force concessions" from various plaintiffs. (*Id.* at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

As already described, the target of the alleged hacks was HQSU's "website, computer database, and servers." (*Id.* at 4.) According to the plaintiffs, HQSU was an "administrative services" contractor to various workers' compensation attorneys. (*Id.* at 5.) For example, at the outset of representation, HQSU would be tasked with getting in touch with prospective clients "for the purpose of signing a retainer agreement and completing an 'In-Take Packet.'" (*Id.*) From that point on, HQSU would serve as a repository for case files: "[C]ounsel used HQSU's website to download existing documents, upload additional documents . . . , and to leave case-related notes and comments in those files." (*Id.* at 6.)

## 2. LEGAL STANDARD

A degree of tension inheres in the federal rules governing civil practice—starting at the top. Federal Rule of Civil Procedure 1 generally instructs the courts, and the parties, to strive for a "just, speedy, and inexpensive" resolution to every case. But sometimes justice isn't speedy, and rarely is it cheap.

The rules of pleading are no different. Federal Rule of Civil Procedure 8(a)(2), for instance, only asks for "a short and plain statement of the claim showing that the pleader is entitled to relief." But Rule 12(b)(6) allows parties to attack a pleading for failure to adequately "state a claim upon which relief can be granted."

The upshot is more tension. A motion to dismiss is like a sparring match, designed to "test the formal sufficiency of the statement of the claim for relief" without actually "resolving a contest between the parties about the facts or the substantive merits." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). "[D]etailed factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

allegations" aren't necessary at this early stage, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" just won't cut it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, of course, it's well-settled that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But it's not always clear which of those allegations are "well-pleaded" and which are "conclusory." *Iqbal*, 556 U.S. at 680–81.

At any rate, these standards make for difficult decisions. As the Supreme Court has said, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### 3. ANALYSIS

This case begins and ends with the Stored Communications Act. Casillas, Gonzales, and Montano claim that the insurance companies, through their employees, hacked HQSU's database in violation of 18 U.S.C. § 2701(a)(1). That provision creates a civil cause of action against anyone who (1) "intentionally accesses without authorization" (2) a "facility through which an *electronic communication service* is provided" and (3) "thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. §§ 2701(a) (emphasis added), 2707(a).

But the defendants move to dismiss the claim, arguing that the pleadings are factually insufficient to draw a reasonable inference that HQSU is an "electronic communication service" as defined in 18 U.S.C. § 2510(15). The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

Some brief background is necessary to understand why. Enacted as Title II of the Electronic Communications Privacy Act of 1986, Pub. L. No. 99-508, 100 Stat. 1848, the Stored Communications Act was designed to "protect against the unauthorized interception" of "stored wire and electronic communications and transactional records." S. Rep. No. 99–541, at 1, 3 (1986). As courts and commentators have recognized, the Act is structured to give certain privacy rights to users of "electronic communication services" and "remote computing services." *See Theofel*, 359 F.3d at 1072–73 ("Just as trespass protects those who rent space from a commercial storage facility to hold sensitive documents, . . . the Act protects users whose electronic communications are in electronic storage with an [internet service provider] or other electronic communications facility."); *see also Matter of Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197, 206 (2d Cir. 2016); O. S. Kerr, *A User's Guide to the Stored Communications Act, and A Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1212 (2004).

The technical distinction between "electronic communication services" and "remote computing services," though perhaps a bit dated, makes a difference under the Act. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1103 (9th Cir. 2014). Congress defined an "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). Think email: "[C]ommunication by which private correspondence is . . . typed into a computer terminal, and then transmitted over telephone lines to a recipient computer operated by an electronic mail company." S. Rep. No. 99-541, at 8. A "remote computing service," by contrast, is one that "provi[des] to the public [a] computer storage or processing service[] by means of an electronic communications system." 18 U.S.C. § 2711(2). Think off-site storage: "In the age of rapid computerization, . . . remote computer service companies have developed to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

sophisticated and convenient computing services to subscribers and customers from remote facilities." S. Rep. No. 99-541, at 10. Both forms of electronically stored communications warrant protection. And although they aren't mutually exclusive categories, the Act establishes "different standards of care" for different types of communication. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 972 (C.D. Cal. 2010). For example, 18 U.S.C. § 2701(a)(1) applies only to the provision of electronic communication services, and therefore excludes the provision of remote computing services from its strictures.

Turning back to the case at hand, it's plain that the plaintiffs have mixed up their claims for relief under the Stored Communications Act. To be sure, Casillas, Gonzales, and Montano allege that their counsel used HQSU's services "to send electronic communications." (Compl., Dkt. No. 187 at 14.) But a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" won't suffice. *See Iqbal*, 556 U.S. at 678. A claim is facially plausible, rather, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the complaint's factual matter is actually inconsistent with a claim to relief under 18 U.S.C. § 2701(a)(1). Casillas, Gonzales, and Montano only allege that their attorneys used HQSU's administrative services in a limited fashion—by "uploading and downloading documents" to the online database and appending case-related "notes" to those documents. (Compl., Dkt. No. 187 at 14.) That's more akin to an off-site storage site, than correspondence transmitted through, for instance, an electronic bulletin board, instant messaging, social-networking sites, text-messaging, pager services, or email messages. *See Crispin*, 717 F. Supp. 2d at 979–80; S. Rep. No. 99-541, at 8–10. So, it follows that the type of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

electronic communication at issue here—electronic case files sent to a "commercial long-term storage site for safe-keeping"—is only protected by the Act's remote computing rules. *See* Kerr, *supra* at, 1216; *cf. Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 901 (9th Cir. 2008) (concluding that wireless text-messaging services provider was more aptly described as an "electronic communication service" than a "remote computing service"), *rev'd on other grounds sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010).

In short, the plaintiffs' own factual allegations describe this particular service provider's function concerning these particular communications as a "remote computing service." *See* 18 U.S.C. §§ 2702(a)(2), 2703(b). Because 18 U.S.C. § 2701(a)(1) only applies to electronic communication services, the Court concludes that the plaintiffs have failed to adequately plead a claim to relief.

The Court's previous dismissal order contained a key admonishment: "Plaintiffs . . . should treat this as [their] last opportunity to cure all of the issues identified in the motions to dismiss." (Order, Dkt. No. 181 at 5.) Four amendments later, the plaintiffs have "repeatedly failed to cure deficiencies" in each of their complaints. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Because it doesn't appear possible to allege facts that cure those deficiencies, particularly HQSU's function as a remote computing service, the Court finds that leave to amend isn't appropriate in either case. *See id.*

The Court also declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim" if it has "dismissed all claims over which it has original jurisdiction."); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-04763 AG (JEMx); and CV 16-02690 AG (JEMx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | HECTOR CASILLAS v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL.; and ADELA GONZALEZ ET AL. v. BERKSHIRE HATHAWAY HOMESTATE COMPANIES ET AL. | | |

court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

### 4. DISPOSITION

The Court GRANTS the motions to dismiss Casillas's third-amended complaint, without leave to amend. (Dkt. Nos. 194, 195.) The Court also GRANTS the motion to dismiss Gonzales and Montano's first-amended complaint, without leave to amend. (Dkt. No. 67.) The Court will enter a simple judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |